Deutsche Bank Natl. Trust Co. v Gatti (2020 NY Slip Op 03096)





Deutsche Bank Natl. Trust Co. v Gatti


2020 NY Slip Op 03096


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-04260 
2017-04261
 (Index No. 18764/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Gary Gatti, etc., appellant, et al., defendants.


Scott Lockwood, Deer Park, NY, for appellant.
McGlinchey Stafford, New York, NY (Brian S. McGrath and Kristen D. Romano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gary Gatti appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated March 9, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gary Gatti, to strike that defendant's answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gary Gatti and to strike that defendant's answer, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
On this appeal, the defendant Gary Gatti (hereinafter the defendant) concedes that the note in question was physically delivered by the original lender to the plaintiff. The defendant contends, however, that the physical transfer of the note did not convey title to the note in that the note lacked an endorsement in blank. This contention is without merit as the record reflects that the note was endorsed in blank.
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court